DLM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROSEZOLA SELLERS,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF DEFENSE AND SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, ROBERT M. GATES,

Defendants.

C. A. No. ______

CA 07 418S

## COMPLAINT

1. This Complaint arises out of allegations of employment discrimination based on race and retaliation.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 2000e-16.

## PARTIES

3. Plaintiff, Rosezola Sellers (hereinafter "Plaintiff"), is a citizen of the United States and a resident of the State of Rhode Island.

4. Defendants are the United States Department of Defense and the Secretary of the Department of Defense, Robert M. Gates (hereinafter collectively referred to as "Defendants").

## ADMINISTRATIVE PROCEDURES

5. After initially contacting an EEO Counselor on December 2, 2005, Plaintiff filed a formal Discrimination Complaint on March 29, 2006 with the Equal Employment Opportunity Office of the Defense Commissary Agency (hereinafter "DeCA").

6. On or about August 20, 2007, DeCA issued a Final Agency Decision (hereinafter "Final Decision") which provided that Plaintiff could file a civil action within ninety (90) days after receiving the Final Decision.

7. This Complaint has been filed within ninety (90) days of the receipt of the Final Decision.

## STATEMENT OF FACTS

8. Plaintiff is a black female.

9. Plaintiff was employed by Defendants since approximately October, 1988.

10. Prior to filing the Discrimination Complaint, as set forth in Paragraph 5, Plaintiff filed Discrimination Complaints in at least March, 2001 and April, 2004 implicating her supervisors including John Blythe, Steve Furtado and Mary Gibson.

11. On or about October 17, 2005, Defendants issued to Plaintiff a memorandum proposing to remove her from federal service for failure to follow instructions, disruptive behavior, and disrespectful conduct during the period June 1 to October 13, 2005.

12. On or about October 17, 2005, in proposing to remove Plaintiff from federal service, Defendants also considered:

(a) a reprimand issued to Plaintiff on February 25, 2004 for failure to follow instructions and disrespectful conduct on December 5, 2003;

(b) a fourteen-day suspension of Plaintiff in April, 2005 for disruptive behavior, disrespectful conduct and failure to follow instructions during the period September 2004 to January, 2005; and

(c) Plaintiff's past work record, potential for rehabilitation and the need to maintain discipline and morale.

13. On or about December 10, 2005, Defendants removed Plaintiff from federal service.

14. Defendants' reasons for disciplining and removing Plaintiff from federal service are a pretext for racial discrimination and/or are because she had previously complained about being subjected to racial harassment and discrimination.

15. During just about the entire time that Plaintiff was employed by Defendants, she was also subjected to racial and/or retaliatory harassment which forced her to work in a hostile environment and which affected the terms and conditions of her employment.

(16) The harassment to which Plaintiff was subjected includes, but is not limited to, the fact that Defendants, especially through the actions of Plaintiff's supervisors, Steve Furtado, Mary Gibson, and/or John Blythe:

(a) made up lies about Plaintiff;

(b) encouraged Plaintiff's co-workers to write statements about Plaintiff which were untrue or petty;

(c) often never informed Plaintiff that statements were being written against her until the statements were used to take discipline against Plaintiff;

(d) continually treated Plaintiff differently, and more adversely, than her co-workers who were white and/or who did not file Discrimination Complaints;

(e) unjustifiably disciplined Plaintiff;

(f) belittled Plaintiff;

(g) unjustifiably found fault with Plaintiff;

(h) blamed Plaintiff for things which were menial, not her fault or for things which she did not do,

(i) excluded Plaintiff from meetings;

(j) gave Plaintiff menial tasks to perform;

(k) made Plaintiff's job more difficult;

(l) yelled and/or swore at Plaintiff;

(m) imposed unreasonable demands on Plaintiff;

(n) set Plaintiff up to fail;

(o) accused Plaintiff of doing things knowing they were false and/or knowing that others had engaged in conduct which was worse;

(p) unjustifiably changed Plaintiff's schedule;

(q) unjustifiably criticized Plaintiff's job performance; and/or

(r) treated Plaintiff with disrespect and/or allowed Plaintiff's co-workers to treat her with disrespect.

17. Plaintiff never welcomed the conduct to which she was subjected.

18. Plaintiff complained about the conduct to which she was subjected but no prompt, remedial action was taken.

19. Upon information and belief, Defendants treated other minorities and/or black employees differently, or more adversely, than white employees.

20. Upon information and belief, other white employees engaged in misconduct which was as, if not more, egregious than what Plaintiff was accused of but yet they were not disciplined.

## COUNT I
Title VII, 42 U.S.C. 2000e *et seq.*
(Disparate Treatment)

21. Plaintiff incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

22. By the aforesaid actions, Defendants violated Title VII.

23. Plaintiff is damaged as a proximate result of the Defendants' intentional conduct.

## COUNT II
Title VII, 42 U.S.C. 2000e *et seq.*
(Hostile Work Environment)

24. Plaintiff incorporates by reference Paragraphs 1 through 23 as if fully set forth herein.

25. By the aforesaid actions, Defendants violated Title VII.

26. Plaintiff is damaged as a proximate result of the Defendant's conduct.

## COUNT IIII
Title VII, 42 U.S.C. 2000e *et seq.*
(Retaliation)

27. Plaintiff incorporates by reference Paragraphs 1 through 26 as if fully set forth herein.

28. By the aforesaid actions, Defendants violated Title VII.

29. Plaintiff is damaged as a proximate result of the Defendant's conduct.

## PRAYER FOR RELIEF

Plaintiff prays that this Court:

(1) declare that the Defendants' actions complained of are unlawful;
(2) order the Defendants to make Plaintiff whole;
(3) order that the Defendants pay Plaintiff compensatory damages;
(4) order that the Defendants pay Plaintiff punitive damages;
(5) retain the jurisdiction of this action to ensure full compliance;
(6) order the Defendants to pay Plaintiff's costs and expenses and reasonable attorney's fees;
(7) reinstate Plaintiff;
(8) grant such other relief to Plaintiff as the court deems just and proper including injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by Jury.

Plaintiff,
By her attorneys,

Patricia E. Andrews, #4321
Louise A. Herman, #6430
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964

Dated: November 16, 2007