**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C. A. No. 07-418S** |
| | ) | |
| **ROBERT M. GATES,** | ) | |
| **SECRETARY OF THE UNITED STATES** | ) | |
| **DEPARTMENT OF DEFENSE,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM**

COMES NOW, Defendant, Robert M. Gates, Secretary of the United States Department of Defense, through undersigned counsel, and moves to dismiss Plaintiff's hostile work environment claim. In accordance with District of Rhode Island Local Rule 12, Defendant is filing simultaneously herewith a separate memorandum of law containing the authorities and reasoning supporting his position.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C. A. No. 07-418S** |
| | ) | |
| **ROBERT M. GATES,** | ) | |
| **SECRETARY OF THE UNITED STATES** | ) | |
| **DEPARTMENT OF DEFENSE,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM**

Defendant, Robert M. Gates, Secretary of the United States Department of Defense, through undersigned counsel, submits this Memorandum in Support of His Motion to Dismiss Plaintiff's Hostile Work Environment Claim.

## I. Introduction

Plaintiff Rosezola Sellers, a former Commissary Management Specialist ("CAO") Trainee for Defense Commissary Agency ("DeCA"), brings the instant Amended Complaint seeking damages pursuant to Title VII, 42 U.S.C. § 2000e, et seq. Plaintiff alleges that Defendant terminated her from her job because of her race and/or because of retaliation for previously complaining about racial harassment and discrimination. (Amended Compl. ¶ 13.) Plaintiff further alleges that she was subjected to a hostile work environment based on racial and/or retaliatory harassment. (Amended Compl. ¶¶ 14-15.)

While Plaintiff now alleges a hostile work environment claim in her district court Complaint, she failed to allege this claim in her Equal Employment Opportunity ("EEO") complaint, a prerequisite to filing a Title VII claim against her former federal employer.

Accordingly, Plaintiff's claim of hostile work environment should be dismissed for failure to exhaust administrative remedies.

## II. Facts

On October 17, 2005, Assistant Commissary Officer Stephen Furtado issued Plaintiff a Notice of Proposed Removal for failure to follow instructions, disruptive behavior, and disrespectful conduct. (Ex. A.) On November 29, 2005, Store Director John Blythe issued a decision terminating Plaintiff's employment with DeCA, effective December 10, 2005. (Ex. B.) Plaintiff then contacted an EEO counselor on December 2, 2005. (Ex. C at ¶ 7(b).) Plaintiff alleged during EEO counseling that in terminating her, Blythe discriminated against her based on her race and in reprisal for prior EEO activity.[1] (See Ex. C at ¶¶ 4, 13; Ex. 2.)

After receiving a notice of final interview (Ex. D), Plaintiff filed a formal EEO complaint of discrimination on April 7, 2006 (Ex. E). In her EEO complaint, Plaintiff identified Blythe, Furtado, Grocery Manager Mary Gibson, and CAO Bill McCollum as the individuals discriminating against her. (Ex. E at § 7.) The EEO complaint only alleged discrimination based on race (Ex. E at § 10), and failed to explain the basis of why Plaintiff believed she was being discriminated against (see Ex. E at § 9). As a result, the EEO office requested a clarification of her EEO complaint. (Ex. F). Plaintiff submitted a written answer to section 9 of

---

[1] The EEO Counselor Intake Sheet shows that the date of the alleged discrimination was "12-1-05," that the basis checked off was "Race," and that the only issue checked off was "[t]ermination." (Ex. 2 at 1.) Notably, "Harassment (Nonsexual)" was not checked off on the Intake Sheet. (See Ex. 2 at 1); Cf. Atkins v. Astrue, No. 1:07-CV-1180-TWT, 2007 WL 4373598, at *6 (N.D.Ga. Dec. 5, 2007) (in dismissing hostile work environment claim, noting that plaintiff failed to check either of the boxes labeled "Sexual Harassment" or "Harassment (Non-Sexual)" on EEO counseling report) (attached as Ex. 5).

the EEO complaint in which she explained how she believed she had been treated differently than a white person with respect to her charges of disrespectful behavior, disrespectful conduct, and failure to follow instructions that resulted in her termination. (Ex. G.) Plaintiff stated in her written answer to section 9, that other employees, such as Mike Texeira, William McCollum, Diane Walsh, MaryGibson, and Brenda Venable engaged in misconduct and were treated differently than her. (See Ex. G.) Plaintiff's EEO complaint and written answer to section 9 of the EEO complaint made no mention of any hostile work environment claim. (See Exs. E, G.) Plaintiff did not include a hostile work environment claim in her EEO complaint. (See Exs. E, G.)

Following the filing of Plaintiff's EEO Complaint, the EEO office by letter dated June 15, 2006, advised Plaintiff and her attorney, Patricia Andrews, that the issue being investigated was:

> Did DeCA illegally discriminate against you based on race (Black) and reprisal (prior EEO activity) when on December 10, 2005, you were removed from Federal service for failure to follow instructions, disruptive behavior, and disrespectful conduct?

(Ex H.) The letter also advised Plaintiff that, "[i]f you believe the issues in your complaint are not correctly defined, please notify me, in writing within 7 calendars[sic] day[sic] after you receive this letter, and specify why you believe the issues were not correctly defined. If you fail to contact me, I will conclude that the issues are properly defined." (Ex. H.) Neither plaintiff nor her attorney responded to this letter. Plaintiff's sole termination claim based on race and reprisal was then investigated and a report of investigation was provided to Plaintiff. (Ex. I.)

On May 20, 2007, DeCA issued a Final Agency Decision finding that the Agency did not discriminate against Plaintiff based on her race (black) or her prior EEO activity with respect to her termination. (Ex. I.)

On November 16, 2007, Plaintiff filed her Complaint with this Court which was not served on Defendants.[2] On February 14, 2008, Plaintiff filed an Amended Complaint which was served on Defendant on February 21, 2008. The Amended Complaint alleged race discrimination and retaliation with respect to Plaintiff's termination. (Amended Compl. ¶ 13.) The Amended Complaint further alleged a hostile work environment claim based on racial and/or retaliatory harassment. (Amended Compl. ¶ 15.)[3]

## III. Argument

### A. Law Governing Motion to Dismiss

In assessing the legal sufficiency Plaintiffs' Complaint pursuant to Rule 12(b)(6), the Court is limited to review of the pleadings. Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990). "The accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded factual allegations, draw all reasonable inferences in the claimant's favor, and

---

[2] The Complaint named both the United States Department of Defense and Robert M. Gates, Secretary of the United States Department of Defense as Defendants. (Compl.) The Amended Complaint removed the United States Department of Defense as a Defendant. (Amended Compl.)

[3] The Amended Complaint failed to specify the dates that these alleged incidences of harassment occurred, failed to identify which one of her supervisors was involved in the harassment, and failed to identify the factual basis for her claim. Should the Court deny Defendant's Motion to Dismiss Plaintiff's Hostile Work Environment Claim, Defendant anticipates that he will move for an order directing Plaintiff to file a more definite statement of her Complaint pursuant to Federal Rule of Civil Procedure 12(e).

determine whether the complaint sets forth sufficient facts to support the challenged claims, Clorox Co. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 30 (1st Cir. 2000); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998). The Court, however, need not credit conclusory allegations or indulge unreasonably attenuated inferences. Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997); Ticketmaster-NY, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994).

In deciding the Defendant's motion to dismiss for failure to state claim, the Court may consider the Defendant's exhibits submitted in conjunction with the motion without converting the instant motion to a motion for summary judgment. "[D]ocuments the authenticity of which are not disputed by the parties; . . . official records; . . . documents central to . . . [the] claim; or . . . documents sufficiently referred to in the complaint," are not matters outside of the pleadings such as to require conversion of a motion into a summary judgment motion. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)(emphasis added)); see also Robinson v. Chao, 403 F. Supp.2d 24, 31-34 (D.D.C. 2005) (considering documents outside of the pleadings and affirming district court's dismissal of hostile work environment that plaintiff failed to administratively exhaust for failure to state a claim upon which relief can be granted)

**B. Plaintiff's Hostile Work Environment Claim Should Be Dismissed for Failure to Exhaust Administrative Remedies**

A federal employee alleging employment discrimination must exhaust administrative remedies before bringing a court action. Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976); Velazquez-Rivera v. Danzig, 234 F.3d 790, 794 (1st Cir. 2000); Jensen v. Frank,

912 F.2d 517, 520 (1st Cir. 1990); Roman-Martinez v. Runyon, 100 F.3d 213, 219 (1st Cir. 1996). The purpose of the exhaustion requirement is to provide the employer with prompt notice of the claim and create an opportunity for early conciliation. Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996); see also Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003) (requiring exhaustion of administrative remedies "serves to put an employer on notice of a violation prior to the commencement of judicial proceedings. This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation.").

In this case, Plaintiff failed to exhaust her administrative remedies because her EEO complaint did not encompass a hostile work environment claim. Typically, "in employment discrimination cases, '[t]he scope of the civil complaint is . . . limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of the charge.' " Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (quoting Powers v. Grinnell Corp, 915 F.2d 34, 38 (1st Cir. 1990)). "A plaintiff in [her] administrative charge must 'describe the essential nature of the claim and . . . identify the core facts on which it rests.' " Ladenheim v. American Airlines, Inc., 115 F. Supp.2d 225, 233 (D.P.R. 2000); see also Lattimore, 99 F.3d at 464 ("Even a pro se complainant is required to describe the essential nature of the claim and to identify the core facts on which it rests.").

Here, the EEO complaint makes no mention of any hostile work environment claim. Rather, Plaintiff's EEO complaint concerns one alleged discrete act of discrimination: her termination. The rest of her EEO complaint provides support for her discrimination claim, but provides no reference or factual basis for a hostile work environment claim.

Specifically, in her attached response to Section 9, "EXPLAIN WHY YOU BELIEVE

YOU WERE DISCRIMINATED AGAINST," Plaintiff mentions the charges of failure to follow instructions, disruptive behavior, and disrespectful conduct which led to her termination. (Exs. E, G.) However, Plaintiff did not include hostile work environment or assert any factual allegations that could be construed as comprising a hostile work environment claim. (See Exs. E, G.)

Moreover, Plaintiff was notified in a letter dated June 15, 2006, and also sent to her attorney, Patricia Andrews, that the issue being investigated was:

> Did DeCA illegally discriminate against you based on race (Black) and reprisal (prior EEO activity) when on December 10, 2005, you were removed from Federal service for failure to follow instructions, disruptive behavior, and disrespectful conduct?

(Ex. H.) The letter also advised Plaintiff that, "[i]f you believe the issues in your complaint are not correctly defined, please notify me, in writing within 7 calendars[sic] day[sic] after you receive this letter, and specify why you believe the issues were not correctly defined. If you fail to contact me, I will conclude that the issues are properly defined." (Ex. H.) After receiving the letter, neither Plaintiff, nor her attorney, contacted the EEO office to correct the issues being investigated and to include a hostile work environment claim. Hostile work environment, therefore, was not alleged by Plaintiff and not accepted for investigation by DeCA.

Accordingly, Plaintiff's EEO complaint and investigation that reasonably resulted from the charge cannot be said to encompass a hostile work environment claim. See Park v. Howard Univ., 71 F.3d 904, 907-08 (D.C. Cir. 1995) (dismissing hostile work environment claim because plaintiff's EEOC charge contained no claims or factual allegations that could reasonably be expected upon investigation to lead to a hostile work environment claim); Robinson v. Chao, 403 F. Supp.2d 24, 31 (D.D.C. 2005) (stating that the "agency accepted only one issue for

investigation: plaintiff's termination" and dismissing hostile work environment claim where neither plaintiff's formal complaint of discrimination nor the issue accepted by the agency for investigation included a hostile work environment); Velazquez v. Autoridad Metropolitana de Autobuses, 502 F. Supp.2d 200, 209 (D.P.R. 2007) (noting that EEOC charge is devoid of any reference to hostile work environment or disability based harassment and finding that plaintiff "is precluded from asserting these claims which clearly fall outside the purview of the administrative charges"); Paz v. Potter, No. 05-1791 (JAF), 2006 WL 3702653, at *4 (D.P.R. Dec. 13, 2006) (dismissing hostile work environment claim where plaintiff failed to file a formal EEO complaint with the Postal Service regarding her hostile work environment retaliation claim) (attached as Ex. 3); Luciano v. Coca Cola Enters., Inc., No. 02-10895-RGS, 2004 WL 1922137, at *1 (D. Mass. Aug. 30, 2004) (refusing to allow plaintiff to proceed with hostile work environment claims when such claims were not mentioned in the administrative filings) (attached as Ex. 4); Atkins v. Astrue, No. 1:07-CV-1180-TWT, 2007 WL 4373598, at *6 (N.D.Ga. Dec. 5, 2007) (holding that court is precluded from considering plaintiff's allegations of harassment where nothing in plaintiff's administrative allegations would have alerted EEO investigators that Plaintiff was claiming that he had been harassed) (attached as Ex. 5).

In addition, to prove a claim of hostile work environment, Plaintiff must show: (1) that she is a member of a protected class; (2) that she was subjected to unwelcome harassment; (3) that the harassment was based on her membership in the protected class; (4) that the harassment was so severe or pervasive that it altered the conditions of her employment and created an abusive work environment; (5) that the objectionable conduct was objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did

perceive it to be so; and (6) that some basis for employer liability has been established. Torres-Negron v. Merck & Co., Inc., 488 F.3d 34, 39 (1st Cir. 2007). Thus, "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment, Title VII is violated." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).

Indeed, Plaintiff's EEO complaint is void of any factual allegations that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." See Harris., 510 U.S. at 21. Rather, the only claim asserted in her EEO complaint was related to her termination.[4] (Exs. E, G.) Thus, Plaintiff's EEO complaint failed to allege factual allegations sufficient to comprise a hostile work environment claim. See King v. U.S. Postal Service,156 Fed. Appx. 723, 724 (5th Cir. 2005) (plaintiff failed to exhaust his administrative remedies with respect to his hostile work environment where the "allegations in the agency EEO complaint do not indicate that King was subjected to severe and pervasive harassment sufficient to create a hostile work environment"); Hottenroth v. Village of Slinger, 388 F.3d 1015, 1035 (7th Cir. 2004) (holding that plaintiff failed to exhaust her administrative remedies as to her hostile work environment claim where facts and allegations in her EEO

---

[4] In National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Supreme Court distinguished hostile work environment claims from discrete acts such as terminations. The Court stated that, "[h]ostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct." Id. at 115. Unlike "discrete acts" such as denials of promotion or termination, the "unlawful employment practice" that is a hostile work environment cannot be said to occur on any particular day. Id. Thus, to the extent Plaintiff is asserting that her termination or any other discrete action comprises her hostile work environment claim, her argument fails in light of Morgan.

complaints fall short of describing an environment that is so "severe and pervasive as to create an abuse[sic] working environment"); Mitchell v. City and County of Denver, 112 Fed. Appx. 662, 668 (10th Cir. 2004) (plaintiff failed to exhaust administrative remedies where her "EEOC charge contains no factual allegations of treatment in manner or degree sufficient to allege a hostile work environment").

Plaintiff's failure to allege a hostile work environment claim in her EEO complaint and her failure to advise the EEO Office about her hostile work environment claim after specifically being requested to clarify the scope and nature of her claims are fatal to her claim in this case. The exhaustion requirement would be eviscerated for hostile work environment claims if any administrative complaint about one discrete incident, such as termination, could then be expanded to encompass a hostile work environment claim. See Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) ("[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEO charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge."). Accordingly, Plaintiff has failed to exhaust her administrative remedies with respect to her hostile work environment claim.

## IV. Conclusion

For the reasons stated above, Defendant respectfully requests that Plaintiff's hostile work environment claim be dismissed for failure to exhaust administrative remedies.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

## CERTIFICATION OF SERVICE

I hereby certify that on this 21st day of April, 2008, I caused to be electronically filed the within Defendant's Motion and Memorandum of Law in Support of His Motion to Dismiss Plaintiff's Hostile Work Environment Claim with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, has received notice electronically:

Patricia Andrews, Esq.
Louise Herman, Esq.
129 Dyer Street
Providence, RI 02903

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov