Paz v. Potter
D.Puerto Rico,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Puerto Rico.
Gladys PAZ, Plaintiff,
v.
John E. POTTER, Postmaster General, United States Postal Service, Defendant.
**Civil No. 05-1791 (JAF).**

Dec. 13, 2006.

Elaine Rodriguez-Frank, San Juan, PR, for Plaintiff.
Fidel A. Sevillano-Del-Rio, United States Attorney's Office, San Juan, PR, for Defendant.

***OPINION AND ORDER***

JOSE ANTONIO FUSTE, Chief U.S. District Judge.
*1 Plaintiff, Gladys Paz ("Paz"), filed the present action against Defendant John Potter, Postmaster General of the United States Postal Service ("USPS"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. ("Title VII")(2003 & Supp.2005), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634 (1994 & Supp.2003), and Plaintiff's due process rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Plaintiff alleges that she suffered discrimination in the form of disparate treatment and a hostile work environment based on her sex and age, and in retaliation for filing Equal Employment Opportunity ("EEO") complaints. *Docket Document No. 1.* Defendant moves to dismiss Plaintiff's constitutional and hostile work environment claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and also seeks summary judgment for Plaintiff's retaliation and disparate treatment claims pursuant to Federal Rule of Civil Procedure 56. *Docket Document No. 12.*

## I.

### *Factual and Procedural Synopsis*

We derive the following factual summary from the parties' filings. *Docket Document Nos. 1, 12, 13, 14, 15.*

USPS has employed Plaintiff, a woman born on April 18, 1958, since 1985. Plaintiff began her career at USPS as a mark-up clerk, then moved to the Maintenance Administrative Control Office in January 1987, where she held various positions. Plaintiff became a Human Resources Associate in March 1992.

Plaintiff applied for the position of Manager of Maintenance Operations Support ("MOS") in May 2003, and was one of only three candidates interviewed by USPS for the position. A review committee recommended Evelyn Ortiz over Plaintiff and the other candidate for the position, based on Ortiz' responses to questions posed during the interview process and her experience in similar supervisory positions. Selecting Official Pablo Claudio subsequently awarded the position to Ortiz. In response to this decision, Plaintiff filed a complaint with USPS' EEO office in September 2003, alleging sex and age discrimination. On April 13, 2005, USPS issued a Notice of Final Decision in Defendant's favor, advising Plaintiff of her right to file a civil action.

In March 2004, Plaintiff applied for the position of Tort Claims Investigator ("TCI"). This time, Plaintiff, along with Daniel Navarro, was one of two finalists recommended by the review committee for the position. Selecting Official Francisco Girau, however, awarded the position to Navarro, citing Navarro's direct experience with motor vehicle accident investigations and his dependability, as compared to Plaintiff's record of unreliable attendance and less relevant job experience. Girau

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 3

also sought to save USPS expense by hiring Navarro, who was already receiving a TCI-level salary; had Girau hired Plaintiff, in contrast, her salary would have risen by several grades. Plaintiff responded to this decision by filing a second EEO complaint in June 2004, alleging discrimination based on age, sex, and retaliation for prior EEO activity. USPS issued a Notice of Final Decision on April 13, 2005, finding against Plaintiff and advising her of her right to file a civil action.

***2** Plaintiff also made an informal complaint of discrimination based on retaliation for her previous EEO complaints in September 2004, in response to her receipt of a Letter of Emergency Suspension and other acts on the part of her supervisor, such as requiring Plaintiff to use a time clock to keep track of her hours.[FN1]After an unsuccessful attempt at mediation, the EEO office advised Plaintiff in writing that she had fifteen days in which to file a formal complaint. Plaintiff chose not to pursue the matter further.

> FN1. The term “informal complaint” refers to the initial complaint government employees must file within their agency, allowing that agency time to investigate and attempt mediation of the dispute. If mediation is not feasible or is unsuccessful, an employee may later file a formal complaint with the agency. *See Padro v. Chao,* 452 F.3d 31, 32 n. 2 (1st Cir.2006).

On July 15, 2005, Plaintiff filed this claim alleging discrimination based on age, sex, and retaliation under Title VII and the ADEA, and constitutional violations under *Bivens. Docket Document No. 1-1.*Defendant filed an answer on October 26, 2005. *Docket Document No. 6.* Defendant now moves to dismiss and/or for summary judgment. *Docket Document No. 12.*Plaintiff does not oppose the motion.

## II.

## *Standards*

### A. *Motion to Dismiss Standard under Rule 12(b)(1)*

Under Rule 12(b)(1), a defendant may move to dismiss an action for lack of federal subject matter jurisdiction. *See*FED.R.CIV.P. 12(b)(1) (1992 & Supp.2004). The party asserting jurisdiction has the burden of demonstrating its existence. *See Skwira v. United States,* 344 F.3d 64, 71 (1st Cir.2003)(citing *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995)).

Rule 12(b)(1) is a “large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction,” including ripeness, mootness, the existence of a federal question, diversity, and sovereign immunity. *Valentin v. Hosp. Bella Vista,* 254 F.3d 358, 362-63 (1st Cir.2001). A moving party may mount a “sufficiency challenge,” taking the plaintiff's “jurisdictionally-significant facts as true” and requiring the court to “assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction.”*Id.* at 363. Alternatively, when the jurisdictional facts are distinct from the case's merits, a moving party can bring a “factual challenge,” in which case the court addresses “the merits of the jurisdictional claim by resolving the factual disputes between the parties.”*Id .*

### B. *Summary Judgment Standard under Rule 56(c)*

The standard for summary judgment is straightforward and well-established. A district court should grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”FED.R.CIV.P. 56(c). A factual dispute is “genuine” if it could be resolved in favor of either party, and “material” if it potentially affects the outcome of the case. *Calero-Cerezo v. U.S. Dep't of Justice,* 355 F.3d 6, 19 (1st Cir.2004).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The moving party carries the burden of establishing that there is no genuine issue as to any material fact, though the burden "may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case."*Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The burden has two components: (1) an initial burden of production that shifts to the non-moving party if satisfied by the moving party; and (2) an ultimate burden of persuasion that always remains on the moving party. *Id.* at 331.

***3** The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial."FED. R. CIV. P. 56(e). Summary judgment exists "to pierce the boilerplate of the pleadings and assess the proof in order to determine the need for trial."*Euromodas, Inc. v. Zanella,* 368 F.3d 11, 17 (1st Cir.2004) (citing *Wynne v. Tufts Univ. Sch. of Med.,* 976 F.2d 791, 794 (1st Cir.1992)).

## III.

### *Analysis*

Plaintiff brings numerous claims alleging discrimination based on sex, age and retaliation, including: (a) due process claims under *Bivens;* (b) a hostile work environment claim under Title VII; (c) a retaliation claim under Title VII; (d) disparate treatment claims alleging failure to hire based on age and sex discrimination under Title VII and the ADEA. We address each claim in turn.

### A. *Bivens Claim*

Plaintiff alleges violations of her due process rights under *Bivens. Docket Document No. 1.* In the absence of alternative remedies, *Bivens* provides a private right of recovery for violations of individuals' constitutional rights by federal officials performing their official duties. *Bivens,* 403 U.S. at 397. *Bivens* does not apply in Plaintiff's case, however, because the First Circuit has determined that anti-discrimination statutes such as Title VII and the ADEA constitute the exclusive means of challenging unconstitutional age and sex discrimination, barring independent constitutional claims based on the same facts. *Tapia-Tapia v. Potter,* 322 F.3d 742, 745 (1st Cir.2003)(holding that claimant's constitutional claims, to the extent that they are a mere restatement of ADEA claims, are non-justiciable because "[t]he ADEA provides the exclusive federal remedy for age discrimination in employment."); *Rivera-Rosario v. U.S. Dep't of Agric.,* 151 F.3d 34, 38 (1st Cir.1998) ("[W] here the gravamen of the complaint is Title VII discrimination, the only remedy available is under Title VII."). We therefore dismiss Plaintiff's *Bivens* claim and move on to an analysis of her claims under Title VII and the ADEA.

### B. *Hostile Work Environment Claim*

To prove a hostile work environment, a plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on sex or age; (4) the harassment was sufficiently pervasive or severe so as to alter the conditions of employment and create an abusive work environment; (5) a reasonable person would find the conduct hostile or abusive and the victim actually perceived it to be so; and (6) there is a basis for employer liability. *Valentin-Almeyda v. Municipality of Aguadilla,* 447 F.3d 85, 94 (1st Cir.2006). We do not reach the merits of Plaintiff's hostile work environment claim, however, as Plaintiff has failed to exhaust the administrative remedies provided by USPS.

***4** Title VII requires federal employees to exhaust administrative remedies provided by their federal agency employer before bringing a claim in district court. 42 U.S.C. § 2000e-16(c); *Morales-Vallellanes v. Potter,* 339 F.3d 9, 18 (1st Cir.2003);

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Bonilla v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275, 278 (1st Cir.1999). The purpose of the exhaustion requirement is to provide the employer with prompt notice of the claim and create an opportunity for early conciliation. *Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir.1996). Plaintiff's failure to file a formal EEO complaint with USPS regarding her hostile work environment retaliation claim after her initial informal complaint and unsuccessful mediation accordingly dictates dismissal of that claim.

**C. *Retaliation Claim***

Title VII states that it is an unlawful employment practice for an employer to discriminate against an employee because she has made an EEO charge against her employer "or participated in any manner in an investigation, proceeding, or hearing under this title."42 U.S.C. § 2000e-3. To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in conduct protected by Title VII; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally connected to the protected activity. *Dressler v. Daniel,* 315 F.3d 75, 58 (1st Cir .2003).

Plaintiff meets the first and second prongs of a prima facie case of retaliation: she made an EEO complaint alleging that USPS' selection of Ortiz for the MOS position constituted sex and age discrimination in 2003, and USPS did not select her for the TCI position in 2004. Plaintiff, however, offers no evidence of a causal connection between these events, except that one followed upon the other. Absent other evidence, the protected activity and the adverse employment action must follow each other very closely to establish causation.*Bishop v. Bell,* 299 F.3d 53, 60 (1st Cir.2002).

Here, seven months elapsed between Plaintiff's EEO claim regarding the MOS position in September 2003 and Defendant's decision not to select her for the TCI position in April 2004. *Docket Document No. 12-2.*We find seven months to be too long to establish causation. *Eaton v. Kindred Nursing Centers West,* No. 04-131-B-W, 2005 U.S. Dist. LEXIS 9545, at *28 (D.Me. May 19, 2005) (finding a ten week lapse between the protected activity and plaintiff's termination too great to establish a causal connection). Plaintiff has not offered any additional evidence of discrimination based on retaliation. We therefore dismiss Plaintiff's retaliation claim and turn to her allegations of sex and age discrimination.

**D. *Sex and Age Discrimination Claims***

Title VII makes it unlawful "to discriminate against any individual with respect to ... compensation, terms, conditions, or privileges of employment, because of such individual's ... sex."42 U.S.C. §§ 2000e-2 (a)(1), § 2000e-16 (a) (proscribing discrimination in federal government employment). The ADEA similarly prohibits an employer from discharging any individual or otherwise discriminating against her on the basis of her age. 29 U.S.C. § 623(a)(1). The ADEA protects employees aged 40 and over. 29 U.S.C. § 631(a).

***5** Where, as here, Plaintiff presents no smoking gun evidence of sex or age discrimination, she may prove her allegations with circumstantial evidence.*Santiago-Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52 (1st Cir.2000). When faced with circumstantial evidence, courts use the burden-shifting framework established in *McDonnell Douglas Corp. v. Green* to determine whether a plaintiff has raised a genuine issue of fact, triable by jury, as to whether sex or age discrimination motivated the adverse employment action. 411 U.S. 792 (1973); *Santiago-Ramos,* 217 F.3d at 54.

In failure-to-hire cases, the *McDonnell Douglas* framework first requires a plaintiff to establish a prima facie case by demonstrating that: (1) she belongs to a protected class; (2) she was qualified for the job in question; (3) she was not hired despite her qualifications; and (4) the job was given to someone outside the protected group with roughly equivalent or lesser qualifications. *See Rathbun,*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

361 F.3d at 71;*Tex. Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 n. 6 (1981); *Keyes v. Sec'y of the Navy,* 853 F.2d 1016, 1023 (1st Cir.1988); *Acevedo v. Johnson & Johnson-Janssen Pharm.,* 240 F.Supp.2d 127, 132 (D.P.R.2002). This modest showing suffices to raise an inference of intentional discrimination. *Burdine,* 450 U.S. at 253-54 ("The burden of establishing a prima facie case of disparate treatment is not onerous."). The burden of production then shifts back to the employer-defendant who must rebut the inference by articulating some legitimate, non-discriminatory reason for the employment decision. *Domínguez-Cruz v. Suttle Caribe, Inc.,* 202 F.3d 424, 430 (1st Cir.2000).

Should the employer meet this burden, the inference of unlawful discrimination is dispelled, and the burden shifts to the plaintiff to show that the employer's alleged justification is a pretext for discrimination. *Id.; Mesnick v. Gen. Elec. Co.,* 950 F.2d 816, 823 (1st Cir.1991). At this stage, the plaintiff must produce evidence beyond the mere assertion that the alleged justification is implausible and show that discriminatory animus actually motivated the employer's decision. *See Hazen Paper v. Biggins,* 507 U.S. 604, 610 (1993); *Mesnick,* 950 F.2d at 825;*Santiago-Ramos,* 217 F.3d at 54. Throughout this analysis, the plaintiff must prove that she would not have suffered the adverse employment action but for her membership in a protected class. *See Freeman v. Package Mach.,* 865 F.2d 1331, 1335 (1st Cir.1988).

Defendant argues that Plaintiff's sex and age discrimination claims should be dismissed because: (1) she has not established a prima facie case; and (2) she has not proven that Defendant's legitimate non-discriminatory reasons for its actions were pretextual. *Docket Document No. 12-2.*

### 1. *Plaintiff's Prima Facie Case*

Plaintiff easily meets the first prong of a prima facie case because she is a member of the two protected classes at issue here: she is a woman and she is at least 40 years old. Defendant also does not dispute the second and third prongs, that Plaintiff had the qualifications necessary for the jobs in question, and that Plaintiff was not hired for either the MOS or TCI positions, despite her qualifications. Defendant does argue, however, that Plaintiff cannot establish the fourth prong because USPS awarded each position to a candidate who was either within the protected class, or who possessed superior qualifications. *Id.* We review the facts in the record to determine whether Plaintiff has established the fourth prong of a prima facie case of discrimination for either the MOS or TCI positions.

#### a. *MOS position*

*6 First, Defendant argues that Plaintiff's sex discrimination claim must be dismissed because, as a woman, Ortiz is not outside the relevant protected class. *Id.* The minimal burden, however, of establishing a prima facie case does not necessarily require the plaintiff to prove that the candidate selected was not a member of the same protected class. *Cumpiano v. Banco Santander Puerto Rico,* 902 F.2d 148, 155 (1st Cir.1990); *Pivirotto v. Innovative Sys.,* 191 F.3d 344, 354 (3rd Cir.1999)("The fact that a female plaintiff claiming gender discrimination was replaced by another woman might have some evidentiary force ... [b] ut this fact does not ... foreclose the plaintiff from proving that the employer was motivated by her gender."). Here Plaintiff does not offer any evidence to suggest that USPS' selection of Ortiz was motivated by Plaintiff's gender. We therefore find that Plaintiff has not met the fourth prong of a prima facie case of sex discrimination for the MOS position.

Second, Defendant does not dispute that Ortiz, born on December 17, 1974, is under forty years old and, therefore, falls outside the class of persons protected by the ADEA. Defendant asserts, however, that Plaintiff cannot meet the fourth prong of a prima facie case for her age discrimination claim because Ortiz and Plaintiff did not possess similar or equi-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

valent qualifications and therefore were not "similarly situated." [FN2] *Docket Document No. 12-2.*Defendant relies on *Begovic v. Water Pik Techs., Inc.* for the proposition that unless two candidates possess near identical qualifications, the fourth prong of a prima facie case in a failure-to-hire case cannot be met. *Id.* (citing No. 04-CV-447-SM, 2005 U.S. Dist. LEXIS 5898, (D.N.H., April 6, 2005)). In *Begovic,* the plaintiff alleging discrimination claimed that he possessed the necessary experience for the first position for which he applied, even though the job description called for five to seven years of supervisory experience and the plaintiff had none. No. 04-CV-447-SM, at *13. The second position sought by the plaintiff required strong interpersonal and communication skills; the plaintiff worked alone and had a disciplinary record indicating problems cooperating with others. *Id.* Despite the plaintiff's failure to provide evidence that he met the requisite qualifications for either of these positions and the likelihood that he did not, the court gave the plaintiff the benefit of the doubt, finding that he "arguably" satisfied his burden to establish a prima facie case. *Id.* at *13-14.

FN2. To make this point, Defendant analogizes to two discharge cases where the court found that plaintiffs were not similarly situated to other employees who engaged in comparable conduct but were not discharged, in the context of proving pretext and discriminatory animus. *Docket Document No. 12-2* (citing *Cardona Jimenez v. Bancomercio de Puerto Rico,* 174 F.3d 36, 42 (1st Cir.1999); *Conward v. Cambridge Sch. Comm.,* 171 F.3d 12 (1st Cir.1999). The standard for a prima facie case is much lower, however, than that required to prove pretext, so the comparison is not helpful. *See Burdine,* 450 U.S. at 253-54 (explaining that the proof required to establish the elements of a prima facie case is minimal); *Conward,* 171 F.3d at 20 (stating that to find an inference of discrimination in discharge cases, the compared employees or situations must be similar in all relevant aspects).

Here, USPS initially selected Plaintiff, Ortiz, and Ruben Piñero as candidates for the MOS position. *Docket Document No. 12-2.*Although USPS has not provided the court with the minimum requirements for the job, Defendant asserts that Plaintiff's experience paled in comparison to Ortiz' because systems and procedures had altered dramatically since Plaintiff held a comparable supervisory position in the late 1980s and early 1990s. *Id.* While this assertion supports Defendant's argument that USPS had a legitimate, non-discriminatory reason for selecting Ortiz over Plaintiff, it does not prove that Plaintiff and Ortiz were so dramatically dissimilar in their qualifications that Plaintiff could not meet the relatively low standard of proof required to establish the fourth prong of a prima facie case. Without more information regarding the required qualifications, we assume that Plaintiff possessed the minimum requirements for the position and find that Plaintiff has met her minimal burden of establishing a prima facie case of age discrimination regarding the MOS position.

*7 Defendant also argues that Plaintiff cannot establish a prima facie case of age discrimination because neither Selecting Official Claudio nor review committee member Rocco Compitello were aware of the candidates' respective ages and Compitello stated that he was unable to discern them based on personal observation. *Docket Document* No. 12.Generally, "a defendant employer's knowledge of a plaintiff's age will be undisputed because employers routinely maintain employee age information in their personnel files or are generally aware of employees' relative ages from personal on-the-job contact."*Woodman v. WWOR-TV, Inc.,* 411 F.3d 69, 80 (2nd Cir.2005). Where, as here, USPS possessed personnel files on employees Plaintiff and Ortiz, and multiple persons within USPS shared responsibility for the decision to promote Ortiz over Plaintiff, we assume USPS' knowledge of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

candidates' relative ages.FN3

FN3. The committee included Guy J. Matia and Blanca Layme in addition 3 to Rocco Compitello.

**b. *TCI position***

Plaintiff has met her burden of establishing a prima facie case of both age and sex discrimination regarding the TCI position. The candidate selected, Navarro, is both male and under age 40, and therefore falls outside of both of the protected classes at issue here. Plaintiff and Navarro were the only finalists for the position, a fact that provides sufficient evidence that Plaintiff possessed similar if not equal qualifications to Navarro's. *See Begovic,* No. 04-CV-447-SM, at *13-14.

**2. *Legitimate Non-Discriminatory Reason and Pretext***

Next, Defendant must rebut the presumption of discrimination created by Plaintiff's establishment of a prima facie case of age discrimination for the MOS position and age and sex discrimination for the TCI position by producing evidence that USPS failed to hire Plaintiff for a legitimate, nondiscriminatory reason. *Burdine,* 450 U.S. at 254.

Defendant meets its burden by presenting evidence that USPS selected the successful candidates for the MOS and TCI positions because they were better qualified than Plaintiff. *Gu v. Boston Police Dept.,* 312 F.3d 6 (1st Cir.2002)(finding that selecting a better qualified candidate is a legitimate, non-discriminatory basis for a hiring decision). For the MOS position, USPS selected Ortiz based on her superior familiarity with the department's operations, her suggestions for improvements, and her wealth of recent supervisory experience. *Docket Document 12-2.*In contrast, USPS found Plaintiff to be a much weaker candidate due to her failure to recognize acronyms commonly used within the department and her general lack of familiarity with operations. *Id.*

Comparing the two candidates for the TCI position, USPS selected Navarro for his direct experience with accident investigations and his excellent attendance record. *Id.* Plaintiff had uneven attendance and had worked primarily behind a desk, with no demonstrated experience investigating motor vehicle accidents. *Id.* These facts suffice to discharge Defendant's burden to present legitimate non-discriminatory reasons for its actions. *St Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 509 (1993) (requiring the defendant to produce evidence that, if taken as true, would permit the conclusion that a non-discriminatory reason for the adverse action existed).

***8** In response, Plaintiff has not offered any evidence that the reasons put forth by USPS are merely a pretext for discrimination. Instead, Plaintiff asserts that, regarding the MOS position, successful candidate Ortiz "did not have the same or higher [sic] level of education" as Plaintiff. *Docket Document No. 1-1.*This assertion alone does not demonstrate discriminatory animus, and the court "cannot and will not second guess the business decisions of an employer, or impose its subjective judgment" on employers' hiring decisions.*Acevedo,* 240 F.Supp.2d at 134.

Because Plaintiff failed to provide any facts indicating that USPS' business justifications for its hiring decisions are pretextual, we find that Plaintiff's age and sex discrimination claims must be dismissed with prejudice.

## IV.

## *Conclusion*

For the reasons stated herein, we **GRANT** Defendant's motion to dismiss Plaintiff's hostile work environment claim for lack of subject matter jurisdiction without prejudice, and **GRANT** Defendant's motion for summary judgment on Plaintiff's age and sex discrimination claims with prejudice.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**IT IS SO ORDERED.**

D.Puerto Rico,2006.
Paz v. Potter
Slip Copy, 2006 WL 3702653 (D.Puerto Rico)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.