UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROSEZOLA SELLERS, Plaintiff, | : | |
| v. | : | C. A. No. 07-418S |
| ROBERT M. GATES, SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, Defendant. | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM**

Now comes the Plaintiff in the above-captioned matter and hereby objects to Defendant's Motion to Dismiss Plaintiff's Hostile Work Environment Claim.

Respectfully Submitted,
Plaintiff,
By her attorneys,

/s/ Patricia E. Andrews, Esq.
Patricia E. Andrews, #4321
Louise A. Herman, #6430
129 Dyer Street
Providence, RI 02903
(401) 421-0966
(401) 421-0964 (fax)

**CERTIFICATE of SERVICE**

I hereby certify that this document has been filed electronically on this 7th day of May, 2008, and is available for viewing and downloading to the ECF registered counsel of record.

Ly Nguyen, Esq.
LyNguyen@usdoj.gov

/s/ Patricia E. Andrews, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROSEZOLA SELLERS,

Plaintiff,

v. C. A. No. 07-418S

ROBERT M. GATES,
SECRETARY OF THE UNITED STATES
DEPARTMENT OF DEFENSE,

Defendant.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM

Plaintiff has filed this action alleging a number of causes of action including: disparate treatment, retaliation, and hostile work environment. Defendant has moved on only one claim: the hostile work environment.

For the following reasons, this Court should deny Defendant's Motion to Dismiss. First, Defendant mislabels the Motion to Dismiss. In fact, Defendant has filed a Motion for Summary Judgment by going outside the allegations of the First Amended Complaint as evidenced by the numerous exhibits attached to its Motion. For this reason alone, this Court should deny the relief requested because it is premature and, in effect, would preclude Plaintiff from engaging in any discovery on the issues raised.[1]

[1] To the extent this Court treats the Motion to Dismiss as a Motion for Summary Judgment, Sellers requests that she be given an opportunity to more fully brief these issues.

Although not a model of clarity, Defendant appears to be arguing that Plaintiff's claim fails because she failed to specifically use the words "hostile work environment" in her formal charges or complaint. The argument below makes clear that Defendant's argument is without merit.

Before turning to the EEO record, it is important to discuss the types of allegations which can form the basis of a hostile work environment claim. As the First Circuit has held in *O'Rourke v. City of Providence*, 235 F.3d 713 (1st Cir. 2001), a hostile work environment can be established by: acts of sabotage, co-worker silence, conduct which undermines an employee's ability to succeed at her job, singling out an employee for discipline, harsh treatment by supervisors, involuntary transfers, attacks on reputation, and denial of support. It can be shown where there are allegations of undignified or otherwise less favorable treatment of black employees, *Johnson v. Lillie Rubin Affiliates,* 5 FEP 547 (M.D. Tennessee 1973), Significantly, the conduct need not be overtly racial in nature to be considered in assessing a Title VII harassment claim. *Landrau-Romero v. Banco Popular de Puerto Rico*, 212 F.3d 607, 614 (1st Cir. 2000).

Applying the law here, there are a number of documents which establish that Sellers was complaining about a hostile work environment although she did not explicitly use that phrase. First, Sellers submitted a statement in support of her complaint which contains numerous allegations sufficient to establish that she is complaining about a hostile work environment. *See Government Exhibit G.*[2] For example, this statement

[2]Even if this Court finds that Sellers' complaint – standing alone – does not contain sufficient facts, as the discussion below makes clear, there are other documents in the record which do. This is important because courts make clear that the scope of the judicial complaint is not limited to the scope of the charge, but rather to the EEOC investigation that reasonably can be expected to grow out of it. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). This holding has become known as the "scope of the investigation" rule and has been consistently applied in the First Circuit. *See, Johnson v. General Electric*, 840 F.2d 132, 139 (1st Cir. 1988); *Powers v. Grinnell Corp.*, 915 F.2d 34 (1st Cir. 1990); *Davis v. Lucent*

reflects that Sellers made it clear that she was continuously treated differently than similarly-situated whites. *See, e.g., Government Exhibit G.* This document also reflects that Sellers' immediate supervisor and another co-worker yelled and swore at her and that, unlike her co-worker, she did not get any support in doing her job. *Id.* To make matters worse, when Sellers complained about the way she was treated, it was "turned around to make her the bad person." *Id.*

Apart from the actual charge or complaint, there are other documents which demonstrate that a hostile environment claim was – or should have been – part of Sellers' complaint. Before discussing those documents, it is important to focus on the October 17, 2005 Notice of Proposed Removal which discusses the conduct for which Sellers was ultimately fired. *See Government Exhibit A.* As this document makes clear, Sellers was allegedly fired for engaging disrespectful, disruptive, and insubordinate behavior towards supervisors and co-workers. Even assuming Sellers did these things – which she denies – other EEO records reflect that Sellers complained that she was singled out, that her supervisors and co-workers made false statements against her, that the conduct of which she was accused was trivial compared to that done by numerous similarly-situated whites who received no discipline from supervisors, that the word "nigger" was used by a co-worker, that she was treated differently and more harshly, and that she was blamed for things she did not do. *See, e.g., Government Exhibit C – "Complainant's Description of Events."* In Exhibit C, a co-worker, Brenda Venable, makes clear that she was allowed to treat Sellers in

---

*Tech., Inc.*, 251 F.3d 227, 233 (1st Cir. 2001); *Swallow v. Fetzer Vineyards, et al.*, 46 Fed. Appx. 636 (1st Cir. 2002). The rule "does not require the filing of an actual amendment to the administrative charge. *Davis, supra* at 233. To the contrary, "[w]here a claim was not explicitly included in an agency charge, the claim may survive if it was within the 'scope of the investigation,' i.e. was based on acts of discrimination that the [agency] investigation 'could reasonably be expected to uncover.'" *Swallow, supra* at 644-645, *citing Davis, supra* at 233. In fact, even where a claim was not investigated, if it should have been, it can still be deemed within the scope. *Davis, supra* at 233.other documents in the EEO record are replete with allegations which establish a hostile work environment.

a degrading way. *See, e.g., Government Exhibit C – Brenda Venable interview.* Exhibit C also demonstrates that another black employee testified that Sellers' head supervisor "favored white employees over everyone else." *See, e.g., Government Exhibit C – Stephanie Lopez interview."* Another employee testified that Sellers' immediate supervisor stated that "she was going to ensure [Sellers] was fired before [she] leaves . . . . " *See, e.g., Government Exhibit C – Iva Felton interview.* One of Sellers' supervisors admitted that Sellers and white employees did not get along. *See Government Exhibit C – Mary Gibson interview.* The final document which supports Sellers' position in this Objection is Government Exhibit 2. The second page reflects: "[Sellers] feels that she's been treated badly at the Commissary since John Blythe began there (in 1995) up until her termination…." Even more significantly, this document reflects that Sellers seeks as relief to have "management stop harassing [her]."

This makes clear that Sellers has administratively exhausted a hostile work environment claim. For this reason alone, the Motion to Dismiss should be denied.

Even assuming she has not – which is contrary to the evidence in the record -- the First Circuit has held that a judicial complaint can encompass discrete acts of retaliation reasonably related and growing out of the discrimination complaint to the EEOC. *Clockedile v. N.H. Dept. of Corr.*, 245 F.3d 1,6 (1st Cir. 2001). "[A]n administrative charge is not a blueprint for the litigation to follow." Rather, "[t]he charge merely provides the EEOC with 'a jurisdictional springboard to investigate whether the employer is engaged in any discriminatory practices.'" *Grinnell, supra* at 38. Given this, an employee is not required to file a separate EEOC charge alleging retaliation when the retaliation occurs in response to the filing of the original EEOC charge. *Gawley v.*

*Indiana University*, 276 F.3d 301, 314 n.8 (7th Cir. 2001). As the First Amended Complaint demonstrates, Sellers filed discrimination complaints with the EEO in at least March, 2001 and April, 2004. The First Amended Complaint further alleges that she was subjected to a hostile work environment in retaliation for having filed earlier charges.[3] The First Circuit has made clear that a hostile work environment is a form of retaliation. *See Noviello v. City of Boston,* 398 F.3d 76 (1st Cir. 2005). Therefore, even assuming the hostile work environment claim was not administratively exhausted – which we dispute – this is not dispositive at least as to a retaliatory hostile work environment which is separate and apart from Sellers' hostile work environment claim.

Plaintiff,
By her attorneys,

/s/ Patricia E. Andrews, Esq.
Patricia E. Andrews, #4321
Louise A. Herman, #6430
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964

CERTIFICATE OF SERVICE

I hereby certify that this document has been filed electronically on this 8th day of May, 2008, and is available for viewing and downloading to the ECF registered counsel of record.

Ly Nguyen, Esq.
LyNguyen@usdoj.gov

/s/ Patricia E. Andrews, Esq.

---

[3] For a full discussion of this issue, Sellers refers this Court to her Objection to Defendant's Motion for Summary Judgment in the case of *Sellers v . U.S. Department of Defense, et al*, C.A. No. 05-381S