**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,**<br>**Plaintiff,**<br><br>**v.**<br><br>**ROBERT M. GATES,**<br>**SECRETARY OF THE UNITED STATES**<br>**DEPARTMENT OF DEFENSE,**<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **C. A. No. 07-418S** |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM**

Defendant, Robert M. Gates, Secretary of the United States Department of Defense, through undersigned counsel, submits this Reply in Support of His Motion to Dismiss Plaintiff's Hostile Work Environment Claim.

## I. The Court May Consider Documents Attached to Defendant's Motion to Dismiss Without Converting the Motion to a Motion for Summary Judgment.

Plaintiff argues, without citation to any authority, that the Court should automatically deny Defendant's Motion to Dismiss because Defendant has attached exhibits to its Motion. Contrary to Plaintiff's argument, in deciding the Defendant's Motion to Dismiss, the Court may consider the Defendant's exhibits submitted in conjunction with the motion without converting the instant motion to a motion for summary judgment. "[D]ocuments the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to . . . [the] claim; or . . . documents sufficiently referred to in the complaint," are not matters outside of the pleadings such as to require conversion of a motion into a summary judgment motion. Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)); see also Robinson v. Chao, 403 F.

Supp.2d 24, 28-31 (D.D.C. 2005) (considering EEO documents and dismissing hostile work environment claim that plaintiff failed to administratively exhaust for failure to state a claim); Arizmendi v. Lawson, 914 F.Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.").

**A. The Court May Properly Consider Exhibits A-I and Exhibits 2-5 in Deciding Defendant's Motion to Dismiss Because These Documents are Authentic Records.**

Notably, Plaintiff does not dispute the authenticity of any of the exhibits attached to Defendant's Motion to Dismiss.[1] In fact, Plaintiff even cites to Defendant's Exhibits A (Notice of Proposed Removal), C (EEO Counselor's Report), and G (Plaintiff's Response to Question 9 of EEO Complaint Form) in support of her opposition to Defendant's Motion to Dismiss. (Pl.'s Mem. Opp. Mot. to Dismiss at 2-4.). Exhibits D, G, and 2 are also records that undisputedly bear Plaintiff's signature.

In addition, Exhibits A - I are official agency records of which this Court may take judicial notice. (Def.'s Mem. Supp. Mot. to Dismiss, Ex. 1 at ¶ 3.); see also Mack v. S. Bay Beer

[1] Because Plaintiff does not dispute the authenticity of the exhibits, the Court need not consider Exhibit 1, the Camillo DeSantis Declaration attesting to the authenticity of Exhibits A-I as agency records, in ruling on Defendant's Motion to Dismiss. See Grand Union Co. v. Cord Meyer Dev. Corp., 735 F.2d 714, 716-17 (2d Cir. 1984) (presence of affidavits automatically converts Rule 12(b)(6) motion into motion for judgment unless affidavits are expressly excluded by district court); Herb Chambers I-93, Inc. v. Mercedes-Benz of N. Am., 911 F.Supp. 34, 36 n. 1 (D. Mass. 1995) (disregarding affidavits in ruling on motion to dismiss).

Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (holding that court may take judicial notice of records and reports of administrative bodies without converting a motion to dismiss into one for summary judgment), overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991); Nickens v. New York State Dep't. of Corr. Servs., No. 94 CV 5425(FB), 1996 WL 148479, at *1 (E.D.N.Y. 1996) (holding that a court may take judicial notice of EEOC filings) (attached as Ex.1); Gallo v. Bd. of Regents of Univ. of Cal., 916 F.Supp. 1005, 1007 (S.D. Cal. 1995) (holding that a court may consider EEOC charge and right-to-sue letter in deciding a motion to dismiss either as a matter attached to complaint or as records subject to judicial notice); Muhammad v. N.Y. City Transit Auth., 450 F. Supp.2d 198, 204-205 (E.D.N.Y. 2006) (holding that court may take judicial notice of plaintiff's EEOC charge and agency's determination which are both public records). Further, Exhibits A, B, E, G, H, and I attached to Defendant's Motion to Dismiss are records that were filed in Sellers v. U.S. Department of Defense, Civil Action No. 05-381S ("Sellers I"). (See Sellers I, Defs.' Resp. to Mot. to Amend at Ex. 1I, 1J, 1L, 1N, 1O; Sellers I, Pl.'s Mem. Opp. Summ. J. at Ex. 3.) Moreover, Exhibits 3-5 are case decisions which are public documents that can be properly considered by the Court in ruling on Defendant's Motion to Dismiss.

Thus, Defendant's exhibits are authentic records that the Court can properly consider in ruling on Defendant's Motion to Dismiss. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (considering public documents attached to opposition to motion to dismiss without converting the motion to a motion for summary judgment); Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004) (court may consider "indisputably authentic documents . . . without converting it to a motion for summary judgment"); Romano v. Counselor NFN Tolson, No. 06-573-JJF, 2007 WL

1830896, at *1 (D. Del. June 25, 2007) ("authentic records documents relating to the issue of exhaustion, may be considered by this Court without converting the motion to a motion for summary judgment") (attached as Ex. 2); McInnis-Misenor v. Maine Med. Ctr., 211 F.Supp.2d 256, 258 (D. Me. 2002) (investigator's report, the authenticity of which is not disputed by the parties, may be considered without converting motion to one for summary judgment).

**B. The Court May Properly Consider Exhibits A-I and Exhibit 2 in Deciding Defendant's Motion to Dismiss Because These Documents Are Central to Plaintiff's Claims or Were Sufficiently Referenced in Plaintiff's Amended Complaint.**

In addition, the Court should consider Exhibits A-I and Exhibit 2 in ruling on Defendant's Motion to Dismiss because these documents are central to Plaintiff's claims or were referenced in Plaintiff's Amended Complaint. See Microsoft Corp. v. Computer Warehouse, 83 F.Supp.2d 256, 258 (D.P.R. 2000) (While ruling on motion to dismiss, court "may consider any documents which are referred to in the nonmovant's pleadings and which are central to his or her claim.") Exhibit A is the memorandum regarding the notice of proposed removal which Plaintiff cites in paragraph 11 of the Amended Complaint. Exhibit B is the memorandum concerning the decision to notice-removal which supports paragraph 12 of the Amended Complaint. Exhibit C, the EEO Counselor Report, and Exhibit 2, the EEO Counselor's Intake Sheet, show that Plaintiff contacted an EEO Counselor on December 2, 2005, the date cited by Plaintiff in paragraph 5 of the Amended Complaint. Exhibit D, the Notice of Final Interview, is an essential document which required Plaintiff to file an EEO complaint within 15 days of the notice. Exhibit E is Plaintiff's formal EEO complaint which is also mentioned in paragraph 5 of the Amended Complaint. Exhibit F is a letter requesting clarification of Plaintiff's EEO complaint issued as a

result of Plaintiff's failure to respond to Question 9 of the EEO complaint. Exhibit G is Plaintiff's Response to Question 9 of the EEO complaint. Exhibit H is the EEO letter defining the issue to be investigated. Exhibit I is the final agency decision which is referred to in paragraph 6 of the Amended Complaint.

Therefore, Exhibits A-I and Exhibit 2 are documents central to Plaintiff's claim or were sufficiently referred to in the Amended Complaint which the Court may consider in ruling on Defendant's Motion to Dismiss. See Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001) (treating plaintiff's allegations in affidavit submitted to the EEOC as an "integral part of her pleadings"); Optical Alignment Sys. and Inspection Servs., Inc. v. Alignment Servs. of N. Am., Inc., 909 F.Supp. 58, 60 (D.N.H. 1995) (In ruling on a motion to dismiss under Rule 12(b)(6), "[t]he court may consider material submitted as part of the complaint or expressly incorporated by reference."); Maldonado-Cordero v. AT&T, 73 F. Supp.2d 177, 185 (D.P.R. 1999) ("Plaintiff's EEOC charges may be considered either as a matter of referenced in the complaint or as a public record subject to judicial notice."); Arizmendi v. Lawson, 914 F.Supp. 1157, 1161 (E.D. Pa. 1996) (holding that letter of decision of government agency and letters from EEOC essential to plaintiff's claim and considering these letters in deciding motion to dismiss).

Further, Plaintiff received or created these documents during the administrative process and relied on these documents in framing her Amended Complaint. Therefore, Plaintiff cannot claim that she was unaware of these documents. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff . . . Where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint the necessity of

translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.”).

Accordingly, consistent with Alternative Energy, the documents attached to Defendant’s Motion to Dismiss are not matters outside of the pleadings such as to require conversion of the motion into a summary judgment motion.[2]

## II. Plaintiff’s “Answer to Question 9" that She Submitted in Support of Her EEO Complaint Fails to Sufficiently Describe a Hostile Work Environment Claim.

Plaintiff points to broad allegations in a statement, entitled “Answer to Question 9," that she submitted in support of her EEO complaint that she believes sufficiently establishes a hostile work environment claim. (Pl.’s Mem. Opp. Mot. to Dismiss at 2-3). First, Plaintiff asserts that her allegation that “I was treated different than a white person” is sufficient to establish a hostile work environment claim. (See Pl.’s Mem. Opp. Mot. to Dismiss at 3; Def.’s Mem. Supp. Mot. to Dismiss, Ex. G at 1.) Second, Plaintiff states that her immediate supervisor, Mary Gibson, and another co-worker, Brenda Venable swore at her, yet were not disciplined.[3] (See Pl.’s Mem. Opp. Mot. to Dismiss at 3; Def.’s Mem. Supp. Mot. to Dismiss, Ex. G at 3, 5.)

---

[2] If the Court decides to convert Defendant’s motion to a motion for summary judgment, the Court should not deny the motion based on Plaintiff's assertion that the motion “would preclude Plaintiff from engaging in any discovery on the issues raised.” (See Pl.’s Mem. Opp. Mot. to Dismiss at 1.) Plaintiff failed to provide any basis on why discovery would be needed to resolve the issue of whether Plaintiff has administratively exhausted her hostile work environment claim. (See Pl.’s Mem. Opp. Mot. to Dismiss 1-5.)

[3] While Plaintiff asserted in her response to Question 9 that employees swore at her and were not disciplined, she also maintained that employees yelled and swore at other employees including supervisors and were not disciplined. (Def.’s Mem. Supp. Mot. to Dismiss, Ex. G at 4, 6). Even assuming that Plaintiff exhausted her administrative remedies and assuming that Gibson and Venbable swore at Plaintiff, Plaintiff still has failed to state a claim which would entitle her to relief. See Lindsay v. Pizza Hut of America, 57 Fed. Appx. 648, 650-511 (6th Cir. 2003) (allegations that plaintiff's supervisor allowed another employee to curse at plaintiff not sufficiently severe and pervasive to create an intolerable working environment).

These allegations, however, must be considered in the context of a response to Question 9 of the EEO complaint. Question 9 of the EEO complaint, which states:

> EXPLAIN HOW YOU BELIEVE YOU WERE DISCRIMINATED AGAINST (treated differently from other employees or applicants). (For each allegation identified in 10, below, please state the basis of your knowledge, information and belief [sic] what incident occurred and when the incident occurred.) If you need more space, continue on another sheet of paper.).

(Def.'s Mem. Supp. Mot. to Dismiss, Ex. E.)

In response to Question 9, Plaintiff stated "[i]n naming a few charges they said against me [sic] disruptive behavior, disrespectful conduct [sic] failure to follow instruction [sic], nothing compares to what they did."[4] (Def.'s Mem. Supp. Mot. to Dismiss, Ex. G at 1.) Plaintiff then provided a laundry list of alleged misconduct on the part of other employees (for example, "Mike Texeira was allowed to touch Stephanie Lopez on the behind," "William McCollum is allowed to come in late every day", etc.) which she complained did not compare to the charges against her that led to her termination. (Def.'s Mem. Supp. Mot. to Dismiss, Ex. G at 1-6.) Plaintiff's citations to the alleged misconduct of others to minimize her own misconduct simply does not establish a hostile work environment claim.

Moreover, Plaintiff does not refute that her EEO complaint (Def.'s Mem. Supp. Mot. to Dismiss, Ex. E) contains <u>no</u> allegation of, nor factual support for, a hostile work environment claim. <u>See</u> <u>also</u> <u>Rush v. McDonald's Corp.</u>, 966 F.2d 1104, 1110 (7th Cir. 1992) (holding that a claim of race-based harassment is not encompassed by general allegations in an EEOC charge of unlawful termination based on race). As elaborated in Defendant's Memorandum in Support of

---

[4] In her statement responding to why she believed she was discriminated, Plaintiff does not deny the charges that led to her termination. (Def.'s Mem. Supp. Mot. to Dismiss, Ex. G at 1-6.)

his Motion to Dismiss Plaintiff failed to advise the EEO Office about her hostile work environment claim after specifically being requested to clarify the scope and nature of her claims. (See Def.'s Mem. Supp. Mot. to Dismiss at 7.) In addition, Plaintiff was afforded an opportunity to submit a declaration to clarify her claims during the EEO investigation, but Plaintiff failed to provide a declaration despite the EEO Investigator's request to both Plaintiff and her counsel that she provide one. (See Sellers I, Defs.' Resp. To Mot. to Amend at 4, 15-16, Ex. 4.) Plaintiff's failure to respond to reasonable requests during the course of the agency's investigation of her discrimination claims supports a finding that Plaintiff failed to exhaust her administrative remedies. See also Clayton v. Rumsfeld, Civil Action No. SA-02-CA-231 EP, 2003 WL 25737889, at *3 (W.D. Tex. Aug. 8, 2003) ("Failure to object to the framing of the issue by the EEOC and the ALJ constitutes an abandonment of the claim.") (attached as Ex. 3.)

In Robinson v. Chao, 403 F. Supp.2d 24, 27 (D.D.C. 2005), plaintiff alleged in her EEO complaint, among other things, that defendant discriminated against her "on the basis of race and/or color when the agency allowed a hostile work environment." The agency notified plaintiff of its decision to accept only one issue for investigation: whether the Department discriminated against plaintiff on the basis of her race, color, religion, and age when it terminated her as a Student Intern trainee. Id. The plaintiff then sought to have additional issues investigated, including the issue of "whether [the agency] created a hostile work environment on the basis of plaintiff's race, age, religion and/or color when it made assignments concerning racial connotations, cut her plant, and allowed 'memorabilia reminiscent of the segregation period in the office.' " Id. at 27, n. 2. The agency then requested more information so that it could determine whether these claims should be investigated. Id. However, the plaintiff failed to

respond to the agency's request. Id. As a result, the agency did not expand the scope of the investigation beyond the issue of plaintiff's termination. Id. The Robinson court held that, "Plaintiff had an obligation to respond to reasonable requests in the course of the agency's investigation of her discrimination claims. She did not fulfill her obligation, and, therefore, she did not exhaust her administrative remedies concerning those claims before filing them in this Court." Id. at 29.

In addition, in Green v. Small, No. Civ. A. 05-1055(ESH), 2006 WL 148740 (D.D.C. Jan. 19, 2006) (attached as Ex. 4), the plaintiff sought to include in her judicial complaint retaliation claims, including a claim of retaliatory hostile work environment, that were not administratively exhausted. Id. at *5. The Green court rejected plaintiff's argument noting that:

> [the retaliation claims] challenged by defendant were neither 'presented by plaintiff [to the agency] by amendment' nor 'included among those accepted for investigation during the processing of her administrative complaint' . . . To the contrary, when notified of the single alleged instance of retaliation it had accepted for investigation, plaintiff made no attempt to augment the 'accepted allegation' or amend his complaint prior to the conclusion of the investigation-this despite the Institution's express invitation to do so in its September 25, 2002 Notice of Acceptance of Discrimination Complaint . . . This is simply not a case where the plaintiff 'diligently pursued' the retaliation claims challenged by defendant.

Id. at *6.

Similar to Robinson and Green, Plaintiff in this case also did not respond to reasonable requests to clarify the scope and nature of her claims. Accordingly, Plaintiff failed to exhaust her administrative remedies with respect to her hostile work environment claim. See also Jeffers v. Chao, No. 03-1762, 2004 WL 3257069, at *4-5 (D.D.C. Sept. 21, 2004) (dismissing claims arising from two discrimination complaints brought by plaintiff where plaintiff did not aid in the investigation of his complaints beyond filing his EEO complaints) (attached as Ex. 5).

**III. Plaintiff's Argument that the EEO Counselor's Intake Sheet Sufficiently Alleges a Hostile Work Environment Claim is Without Merit.**

Plaintiff argues that the EEO Counselor's Intake Sheet shows that she has administratively exhausted a hostile work environment claim. Plaintiff's argument is without merit because it is her EEO complaint, and investigation that can be reasonably be expected to grow out of the EEO complaint, which defines the scope of her civil complaint. See Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (quoting Powers v. Grinnell Corp, 915 F.2d 34, 38 (1st Cir. 1990) ) ("[t]he scope of the civil complaint is . . . limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of the charge "); See Atkins v. Southwestern Bell Telephone Co., 137 Fed. Appx. 115, 118 (10th Cir. 2005) (plaintiff's intake questionnaire which mentioned supervisor's harshness to her was not adequate to exhaust administrative remedies with respect to her retaliation claim because the "omission of such material in the later-filed formal charge indicates that Plaintiff had abandoned this claim") Johnson v. Chase Home Finance, 309 F. Supp.2d 667, 672 (E.D. Pa. 2004) ("Courts in this Circuit have found that intake questionnaires do not serve the same function as the formal charge, are not part of the formal charge, and therefore do not satisfy the exhaustion requirement in circumstances such as this where a claim is marked off in the questionnaire is omitted from the charge and where the EEOC does not investigate the omitted claim."); Scott Waste Mgmt. of Ark. S., No. 5:05CV00059-WRW, 2006 WL 2523439, at *3 (E.D. Ark. Aug. 30, 2006) (finding that plaintiff cannot bring hostile work environment claim that was not included in EEOC charge because it is EEOC charge rather than intake questionnaire that controls scope of charge and noting that "[i]f the charge did not reflect plaintiff's allegations or intent in initiating the EEOC

proceedings, plaintiff should have amended the charge ") (attached as Ex. 6).

Even assuming that the Court considers her Intake Sheet, the Intake Sheet is insufficient to state a hostile work environment claim because on page 1 of the Intake Sheet, the only issue that was checked off was "Termination." Notably, "Harassment (Nonsexual)" was not checked off on the Intake Sheet. (Def.'s Mem. Supp. Mot. to Dismiss at Ex. 2 at 1). Atkins v. Astrue, No. 1:07-CV-1180-TWT, 2007 WL 4373598, at *6 (N.D. Ga. Dec. 5, 2007) (in dismissing hostile work environment claim, noting that plaintiff failed to check either of the boxes labeled "Sexual Harassment" or "Harassment (Non-Sexual)" on EEO counseling report) (attached as Ex. 5 to Def.'s Mem. Supp. Mot. to Dismiss).

Plaintiff further argues that the second page of the EEO Counselor's Intake Sheet shows that she administratively exhausted her hostile work environment claim because it states, "CP feels that she's been treated badly at the Commissary since John Blythe began there (in 1995) until her termination" and that the relief requested is for "mgmt to stop harassing employees." (Pl.'s Mem. in Opp. To Mot. to Dismiss at 4; see also Def.'s Mem. Supp. Mot. to Dismiss at Ex. 2 at 2.) The Intake Sheet provided no specifics as to how Plaintiff was allegedly "treated badly," nor does the Intake Sheet identify how management was "harassing employees," which alleged employees were being harassed, and whether the employees were being harassed based on their membership in a protected Title VII class. (See Def.'s Mem. Supp. Mot. to Dismiss at Ex. 2 at 2.) As courts have recognized, "[a] plaintiff in [her] administrative charge must 'describe the essential nature of the claim and . . . identify the core facts on which it rests.' " Ladenheim v. American Airlines, Inc., 115 F. Supp.2d 225, 233 (D.P.R. 2000); see also Lattimore, 99 F.3d at 464 ("Even a pro se complainant is required to describe the essential nature of the claim and to

identify the core facts on which it rests.").

Accordingly, even assuming that Plaintiff's Intake Sheet can replace the EEO complaint in determining the scope of her civil complaint, the Intake Sheet fails to sufficiently allege a hostile work environment claim. See Wells v. Dynamic Rests. LLC, No. 04-CV-02279-PSFPAC, 2006 WL 118397, at *4-7 (D. Colo. Jan. 13, 2006) (holding that plaintiff failed to exhaust her administrative remedies where plaintiff's allegation of harassment on intake form contained no facts on how she was harassed and where she failed to mention any harassment on her formal charge) (attached as Ex. 7).

## IV. Plaintiff's Reliance on Clockedile v. New Hampshire Department of Corrections to Save her Hostile Work Environment Claim is Misplaced.

Plaintiff argues that she need not administratively exhaust her retaliatory hostile work environment claim based on Clockedile v. New Hampshire Department of Corrections, 245 F.3d 1 (1st Cir. 2001). Plaintiff's reliance on Clockedile is misplaced. In Clockedile, the First Circuit stated that "retaliation claims are preserved so long as the retaliation claim is reasonably related to and grows out of the discrimination complained of to the [administrative] agency- e.g., the retaliation claim is for filing the agency complaint itself." Id. at 6. Notably, Plaintiff cannot establish that the alleged retaliatory acts that comprise her hostile work environment claim arose after the filing of her 2006 EEO complaint which is the subject of this case. In fact, Plaintiff alleges that the retaliatory hostile work environment occurred prior to her filing of the 2006 EEO complaint. As Plaintiff readily admits in her memorandum, "[a]s the First Amended Complaint demonstrates, Sellers filed discrimination complaints with the EEO in at least March, 2001 and April, 2004. The First Amended Complaint further alleges that she was subjected to a hostile

work environment in retaliation for having filed earlier charges." (Pl.'s Mem. Opp. Mot. to Dismiss at 5). Thus, Plaintiff has failed to show how Clockedile applies to this case where she is alleging that the retaliation occurred as a result of prior EEO complaints and not as result of the 2006 EEO complaint that gave rise to the present action. See Mosley v. Potter, NO. 07-96-P-S, 2008 WL 877787, at * 7 (D. Me. March 27, 2008) (holding Clockedile not applicable where plaintiff alleged that defendant retaliated against her for her earlier EEO activity and noting that plaintiff was not alleging that defendant retaliated against her for filing EEO complaint that gave rise to present district court case) (attached as Ex. 8).

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

## CERTIFICATION OF SERVICE

I hereby certify that on this 23rd day of May, 2008, I caused to be electronically filed the within Defendant's Motion and Memorandum of Law in Support of His Motion to Dismiss Plaintiff's Hostile Work Environment Claim with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, has received notice electronically:

Patricia Andrews, Esq.
Louise Herman, Esq.
129 Dyer Street
Providence, RI 02903

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov