**C**
Nickens v. New York State Dept. of Correctional Services
E.D.N.Y.,1996.
Only the Westlaw citation is currently available.

United States District Court, E.D. New York.
Yvonne S. NICKENS, Plaintiff,
v.
NEW YORK STATE DEPT. OF CORRECTIONAL SERVICES; and Arthur Kill Correctional Facility, Defendants.
**No. 94 CV 5425 (FB).**

March 27, 1996.

Yvonne S. Nickens, Brooklyn, New York, Pro Se.
Dennis C. Vacco Attorney General of the State of New York by Vida M. Alvy, Asst. Attorney General, New York City, for Defendants.

MEMORANDUM AND ORDER

BLOCK, District Judge:
*1 Plaintiff Yvonne Nickens ("Nickens") brings this Title VII gender discrimination action against the above named defendants claiming that she was terminated in May 1990 after she took several leaves of absence for pregnancy related illness. Presently before the Court is defendants' motion to dismiss the complaint for failure to comply with the filing requirements under Title VII. In their motion papers, the defendants do not cite the relevant Federal Rule of Civil Procedure. However, as explained below, the filing requirements for a Title VII action are generally likened to statute of limitations rather than jurisdictional requirements and thus defendants' motion should be treated as a 12(b)(6) motion. For the reasons that follow, defendants' motion is denied.

BACKGROUND

Nickens' complaint alleges that the discriminatory act took place in May 1990, the date she was terminated. Nickens' complaint states that she filed charges with the New York State Human Rights Commission ("State Agency") in June 1990 and that she received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") on June 15, 1994, a copy of which is attached to the complaint. Nickens does not, however, attach a copy of the charge that she filed with the State Agency or include the addresses of the defendants in her complaint.

In an effort to assist Nickens as a *pro se* litigant, the Court requested additional documentation from the EEOC. The Court takes judicial notice of the documentation provided by the EEOC which shows that Nickens' charge was filed with the State Agency on August 7, 1990 and that the State Agency forwarded her charge to the EEOC on August 15, 1990. The charge that she filed with the EEOC names as defendants New York State Department of Correctional Services ("NYS Dept. of Corrections") and Arthur Kill Correctional Facility ("Arthur Kill"), the same defendants listed in the present action.

After Nickens received her right to sue letter from the EEOC on June 15, 1994, Nickens filed this action. Nickens' complaint was stamped received by the *Pro Se* Office for the Southern District of New York on September 12, 1994, but was not filed with the Clerk's Office until November 7, 1994. The case was subsequently transferred to the Eastern District of New York on November 23, 1994.

Defendants move to dismiss contending that Nickens: (1) has not demonstrated that she timely filed her action with the EEOC; (2) failed to file her complaint in federal district court within ninety days from receiving the EEOC's right to sue letter; and (3) has not identified which parties she named or claims she included in her charge with the EEOC.

DISCUSSION

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT
1
PENGAD-Bayonne, N. J.

As an initial matter, the Court deems Nickens' complaint amended to include the documentation provided by the EEOC. As explained below, the complaint as amended, satisfies the prerequisites to maintain a Title VII action in federal district court.

A. Filing Pre-requisites for Bringing a Title VII Suit

***2** Title VII contains two separate filing time limits that a claimant must comply with in order to maintain an action in federal court: (1) timely filing of a charge with the EEOC; and (2) timely filing of a complaint in federal district court. As an initial matter, these filing requirements have not been treated as jurisdictional prerequisites to bringing a suit in federal court, but rather have been treated like statutes of limitations. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11 (2d Cir. 1994); *Criales v. American Airlines, Inc.*, No. CV-95-1709, 1995 WL 669900 (E.D.N.Y. Nov. 6, 1995) (Glasser, J.).

1. *Filing with the EEOC*

Timely filing with the EEOC is the first prerequisite to bringing a Title VII claim. *Crossman v. Crosson,* 905 F. Supp. 90, 92 (E.D.N.Y. 1995) (Seybert, J.); *Edmonston v. MGM Grand Air, Inc.*, 808 F. Supp. 197, 202 (E.D.N.Y. 1992) (Glasser, J.) (citing *Miller v. International Telephone & Telegraph Corp.*, 755 F.2d 20, 22-23 (2d Cir.), cert. denied, 474 U.S. 851 (1985)). Section 42 U.S.C. § 2000e-5(e)(1) requires that a claimant file a charge with the EEOC within 180 days after the alleged unlawful employment practice, except where the claimant first files with a State agency, in which case the claimant must file the charge within 300 days after the alleged unlawful practice or within thirty days after receiving notice that the State agency has terminated the proceedings under state law, whichever is earlier. "In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimination with the EEOC is 300 days."*Butts v. City of New York Dept. of Housing Preservation and Development,* 990 F.2d 1397, 1401 (2d Cir. 1993); *McNeil v. Aguilos,* 831 F. Supp. 1079, 1083 (S.D.N.Y. 1993) (Sotomayor, J.)

Nickens alleges that she was terminated in May 1990. She filed her charge with the State Agency on August 7, 1990, and it was forwarded to the EEOC on August 15, 1990, well within the 300 day time limit. Nickens has thus satisfied this requirement.

2. *Filing in Federal District Court*

A claimant must not only timely file with the EEOC, but must additionally file the complaint within ninety days after the claimant receives the right to sue letter from the EEOC. *See*42 U.S.C. § 2000e-5(f)(1); *South,* 28 F.3d at 11 (2d Cir. 1994) (discussing situations wherein ninety day rule can be equitably tolled); Crossman, 905 F. Supp. at 92-93 ("[A] plaintiff generally must obtain a 'right-to-sue letter' from the EEOC before a suit can be brought in federal court."); *Holmes v. NBC/GE,* --- F. Supp. ----, No. 94 Civ. 9341 (CBM), 1996 WL 74735 at *2-3 (S.D.N.Y. Feb. 8, 1996) (Motley, J.) ("This requirement should be strictly enforced and not extended by even one day.") (citations and quotations omitted).

***3** Nickens' alleges that she received her right to sue letter on June 15, 1994. Nickens' complaint was stamped received by the *Pro Se* office for the Southern District of New York on September 12, 1994, within the ninety day period. However, the complaint was not filed with the Clerk's Office and entered on the docket sheet until November 7, 1994, beyond the ninety day period, after her motion to proceed *in forma pauperis* was granted. In *Toliver v. County of Sullivan,* 841 F.2d 41, 42 (2d Cir. 1988), the Second Circuit addressed the same situation and held that a complaint would be con-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

sidered timely filed where the complaint and the motion to proceed *in forma pauperis* were timely received by the *pro se* office "at least where *in forma pauperis* relief is granted."*See Brooks v. Hevesi,* No. 95 Civ. 3209 (JSM), 1995 WL 758611 at *1 (S.D.N.Y. Dec. 22, 1995); *Connell v. J.P. Morgan Inv. Management, Inc.,* No. 3-LM-94-28, 1994 WL 758611 (S.D.N.Y. Oct. 10, 1994). Because the *Pro Se* Office received Nickens' complaint within the ninety day period and her accompanying *in forma pauperis* motion was granted, Nickens has also met this filing requirement.

B. Identifying Parties and Claims Charged in the EEOC Suit

In determining whether a claimant can maintain the claims alleged against the defendants named in the action brought in federal district court, a court must rely on the contents of the charge filed with the EEOC.

1. *Parties Named in the EEOC Suit*

Generally, a party who has not been named as a respondent in a charge filed with the EEOC may not subsequently be named as a defendant in a civil suit. *See Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir. 1991); *Sharkey v. Lasmo,* 906 F. Supp. 949, 954 (S.D.N.Y. 1995) (Conner, J.) "'The purpose of this requirement is to notify the charged party of the alleged violation and to bring him before the EEOC, thereby permitting "effectuation of the Act's primary goal, the securing of voluntary compliance with the law."'"*Dortz v. City of New York,* 904 F. Supp. 127, 142 (S.D.N.Y. 1995) (Leisure, J.) (citations omitted).

Although the right to sue letter which Nickens received from the EEOC referred only to the NYS Dept. of Corrections and not Arthur Kill Correctional Facility, the charge that she initially filed with the State Agency and the EEOC did include the names of both defendants. The Court finds Nickens' initial charge sufficient to notify the defendants and thus she may maintain the action against these defendants in the present action.

2. *Claims Included in the Charge Filed with the EEOC*

Similarly, "[a] district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge."*Butts,* 990 F.2d at 1401. (citations omitted). As stated above, Nickens' complaint alleges gender discrimination claiming that she was terminated in May 1990 after she took several leaves of absence for pregnancy related illness. The charge Nickens filed with the State Agency and the EEOC included the same claim, namely that she had several absences due to pregnancy and was terminated because of them.

*CONCLUSION*

*4 Because this Court concludes that Nickens' complaint, as amended, satisfies the prerequisites for maintaining this action in federal district court, the defendants' motion to dismiss is DENIED.

SO ORDERED,

E.D.N.Y.,1996.
Nickens v. New York State Dept. of Correctional Services
Not Reported in F.Supp., 1996 WL 148479 (E.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.