H
Clayton v. Rumsfeld
W.D.Tex.,2003.
Only the Westlaw citation is currently available.
United States District Court,W.D. Texas,San Antonio Division.
Perseveranda CLAYTON, Plaintiff,
v.
Donald RUMSFELD, Secretary Department of Defense Army/Air Force Exchange Service, Defendant.
**Civil Action No. SA-02-CA-231 EP.**

Aug. 8, 2003.

Vincent A. Lazaro, The Law Office of Vincent A. Lazaro, P.C., San Antonio, TX, for Plaintiff.
Robert Shaw-Meadow, U.S. Attorney's Office, San Antonio, TX, for Defendant.

**ORDER CONCERNING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

EDWARD C. PRADO, District Judge.
*1 On this date the Court considered Defendant's motion for summary judgment filed in the above numbered and styled cause. After considering the motion and Plaintiff's response, the Court will grant the motion.

**Procedural History**

Plaintiff Perseveranda Clayton is an Asian female of Filipino national origin. Defendant Donald Rumsfeld is the Secretary of the United States Department of Defense and an officer of the United States of America. In this lawsuit, Plaintiff alleges race and national origin discrimination, age discrimination, gender discrimination and retaliation under Title VII, as well as violation of constitutional due process, intentional infliction of emotional distress, negligent hiring, negligent training, and negligent supervision.

From July 1997 until January 2000, Plaintiff worked as a Safety and Security Supervisor for the Army/Air Force Exchange Service at Randolph Air Force Base in San Antonio, Texas. In February 2000, Plaintiff was demoted by her second-line supervisor, General Manager Daniel Metsala, from a supervisory position to a retail position at Lackland Air Force Base. Following the demotion, Plaintiff took sick leave and was ultimately terminated from employment on May 18, 2001, pursuant to government regulations which require termination if the employee has not returned to work within one year.

In her complaint, Plaintiff alleges that the various counseling, lower than expected performance evaluations, and her eventual demotion resulted from gender, race, national origin, age discrimination, and retaliation. Plaintiff also alleges that she was constantly criticized for her English language skills by her first level supervisor, Kathy Hughes, and that such criticism was part of a hostile work environment.

Because of the alleged discrimination, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). The ALJ conducted an evidentiary hearing September 20, 2001. The ALJ issued a Bench Decision in favor of Defendant on October 29, 2001. Plaintiff now brings her Title VII, state, and constitutional claims in federal court. In response to Plaintiff's claims, Defendant moved for summary judgment.

**Standard for Summary Judgment**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See*FED. R. CIV. P. 56(c); *Christopher Village, Ltd. v. Retsinas,* 190 F.3d 310, 314 (5th Cir.1999). When seeking summary judgment,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 3

the movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *See Transamerica Ins. Co. v. Avenell,* 66 F.3d 715, 718 (5th Cir.1995). However, for any matter on which the non-movant would bear the burden of proof at trial, the movant may simply point to the absence of evidence and thereby shift the burden to the non-movant for demonstrating that there is an issue of material fact warranting trial. *See id.* at 718-19.

***2** A court considering summary judgment may not resolve factual disputes or make credibility determinations. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge). Instead, the court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Samuel v. Holmes,* 138 F.3d 173, 176 (5th Cir.1998); *Tex. v. Thompson,* 70 F.3d 390, 392 (5th Cir.1995). Factual controversies are construed in favor of the non-moving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). In the absence of any proof, the court will not assume that the non-moving party could or would prove the necessary facts. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1980).

### Whether Plaintiff's Claims Constitute Adverse Employment Actions

Defendant first moves for summary judgment on each of Plaintiff s Title VII claims, except for Plaintiff's constructive discharge and demotion from her supervisory position, on grounds that the allegations do not constitute adverse employment actions. A Title VII plaintiff may only recover against her employer if the employment decision challenged rises to the level of an adverse employment action. *See Dollis v. Rubin,* 77 F.3d 777, 781-82 (5th Cir.1995); *Ross v. Univ. of Tex.,* 139 F.3d 521, 527 (5th Cir.1998). This is true both for discrimination and retaliation claims. *See Barrow v. New Orleans S.S. Ass'n.,* 10 F.3d 292, 298 (5th Cir.1994).

In support of her Title VII allegations, Plaintiff complains about numerous separate actions directed against her. These actions include: Ms. Hughes asking another employee to spy on Plaintiff; a satisfactory rating on a performance evaluation report indicating non-promotable under potential advancement; a meeting scheduled with the General Manager at which Plaintiff was asked to define perjury; constant scrutinization; exclusion and unfair treatment; the presentation of a letter of warning; the discussion of the EEO complaint by the General Manager in the presence of Plaintiff's supervisor and personnel manager; weekly meetings between Plaintiff and her supervisor; rejection of Plaintiff s request to have a third person of her choosing at the meetings; and an eventual demotion from PB 3/1 to NF 1/1 with a transfer to Lackland Air Force Base.

Events such as disciplinary filings and supervisor's reprimands are not ultimate employment decisions. *See Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 708 (5th Cir.1997); *Messer v. Meno,* 130 F.3d 130, 140 (5th Cir.1997) (failure to resolve internal grievance, close monitoring, criticism of work and conduct, and downsizing of plaintiff s department as part of agency-wide reduction not ultimate employment decisions). Further, lowered performance ratings are not adverse employment decisions. *See Douglas v. DynMcDermott Petroleum Operations Co.,* 144 F.3d 364, 373 n. 11 (5th Cir.1998); *Bynum v. Fort Worth ISD,* 41 F.Supp.2d 641, 655 (N.D.Tex.1999) (unsatisfactory evaluation and related letter of unsatisfactory performance not adverse, ultimate employment decisions).

***3** With the exception of the demotion with transfer, the actions described by Plaintiff are not adverse employment actions. The actions described

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

by Plaintiff are analogous to those previously held by the United States Court of Appeals for the Fifth Circuit to be too tangential to ultimate employment decisions such as hiring or demotion to be considered an adverse employment decision. *See Douglas,* 144 F.3d at 373;*Bynum,* 41 F.Supp.2d. at 655;*Mattern,* 104 F.3d at 708. Because the actions are not directly related to an adverse employment decision, the actions do not rise to the level of adverse employment decisions as a matter of law and cannot form a basis for either Plaintiff's discrimination or retaliation claims under Title VII. As a result, Defendant is entitled to summary judgment on Plaintiff's complaints about her rating on the performance evaluation report, the weekly meetings with the General Manager and Ms. Hughes, constant scrutinization, exclusion and unfair treatment, the letter of warning, and the discussion of the EEO complaint by the General Manager.

**Whether Plaintiff Exhausted her Administrative Remedies**

Defendant next moves for summary judgment on Plaintiff's claims of demotion and constructive discharge on grounds that Plaintiff did not exhaust her administrative remedies for those claims. A complainant may not pursue claims in federal court which were not exhausted administratively. *See Brown v. General Services Admin.,* 425 U.S. 820, 834-35, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). A Title VII suit "may extend as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge."*Fine v. GAF Chem. Corp.,* 995 F.2d 576, 578 (5th Cir.1993). In addition, a plaintiff will not be allowed to resurrect claims upon arrival in federal court if she abandoned those claims during the administrative process. *See Dollis,* 77 F.3d at 781. Allowing complainants to litigate claims that were not administratively exhausted would defeat the primary purpose of the administrative exhaustion requirements, which is to allow the agency to fully investigate and attempt to resolve claims of discrimination in their investigatory and conciliatory role. *See Nicol v. Imagematrix, Inc.,* 767 F.Supp. 744, 752 (E.D.Va.1991).

Although Plaintiff did not expressly raise her constructive discharge claim in her amended complaint, she suggests in her response to the motion for summary judgment that she relies on constructive discharge. The administrative record for Plaintiff's EEOC charge, however, indicates Plaintiff did not raise a claim of constructive discharge during the administrative process. Because Plaintiff did not raise the issue of her constructive discharge in the administrative process, Plaintiff did not exhaust her remedies. Therefore, Defendant is entitled to summary judgment on Plaintiff's constructive discharge claim.

Plaintiff did raise her demotion claim in her administrative charge. In particular, Plaintiff charged that she had been given a letter of downgrade from PB 3/1 to NF 1/1. When Plaintiff's claims were consolidated for investigation and hearing by the EEOC, however, the issues accepted for investigation did not include Plaintiff's claims of demotion. Further, during the pretrial conference, the ALJ did not include Plaintiff's demotion claims among those issues to be decided. Although the Court cannot determine from the record why the demotion claim was not included in investigation or included among those issues to be decided by the ALJ, it is clear from the record that the demotion was not included and that Plaintiff was on notice of the omission. Failure to object to the framing of the issue by the EEOC and the ALJ constitutes an abandonment of the claim. *See Dollis,* 77 F.3d at 781 (plaintiff's failure to object to framing of issues accepted for investigation during administrative process, which did not include claim brought in federal court, supported dismissal of claim for failure to exhaust). While this Court must construe all evidence in favor of the non-moving party, it may not presume missing facts. *See Lujan,* 497 U.S. at 888. In the absence of pleadings suggesting otherwise, this Court may not presume Plaintiff objected to the framing of the issue. As a result, the Court finds that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Plaintiff failed to administratively exhaust her claims of discrimination and retaliation based on demotion. Consequently, Defendant is entitled to summary judgment on Plaintiff's employment discrimination claims.

**Plaintiff's Remaining Claims**

*4 Defendant also moves for summary judgment on Plaintiff's state law claims of intentional infliction of emotional distress, negligent hiring, negligent training, and negligent supervision, and on Plaintiff's claim of violation of her constitutional right of due process. Plaintiff does not object to dismissing those claims. Therefore, this Court will dismiss the claims.

**Conclusion**

Having determined that Plaintiff's state law claims and her due process claims should be dismissed, the Court DISMISSES those claims. Having determined that Defendant is entitled to summary judgment on Plaintiff's employment discrimination and retaliation claims, the Court GRANTS Defendant's motion for summary judgment (docket entry # 17) and will enter summary judgment in favor of Defendant on those claims. The Court DENIES Defendant's motion to strike Plaintiff's response to Defendant's motion for summary judgment (docket entry # 24) as moot.

W.D.Tex.,2003.
Clayton v. Rumsfeld
Slip Copy, 2003 WL 25737889 (W.D.Tex.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.