UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROSEZOLA SELLERS, Plaintiff, | : | |
| v. | : | CA 07-418 S |
| ROBERT M. GATES, IN HIS CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, Defendant. | : | |

**ORDER TO FILE COMPLETE EXHIBIT**

On June 11, 2008, the Court heard further argument on Defendant's Motion to Dismiss Plaintiff's Hostile Work Environment Claim (Doc. #4) ("Motion to Dismiss"). During the hearing, the Court asked Plaintiff's counsel if Plaintiff disputed the authenticity of any of the exhibits which Defendant cited in his memorandum[1] in support of the Motion to Dismiss. Plaintiff's counsel noted that Exhibit G (Plaintiff's Answer to Question 9 of the EEO Complaint) states on the last page that Plaintiff has "enclose[d] sheets I would like to be read," Exhibit G, and that such sheets were not included in Exhibit G. Plaintiff's counsel additionally noted that the pages of Exhibit G were numbered 3 through 8.[2] Beyond this, Plaintiff's counsel

[1] See Defendant's Memorandum of Law in Support of His Motion to Dismiss Plaintiff's Hostile Work Environment Claim.

[2] Based on the content of Exhibit G (and the fact that the pages were also numbered 1 to 6), it does not appear that there were two additional pages of Plaintiff's response. If Plaintiff contends otherwise, she may include such pages in her objection to the Amended

stated that she had not had time to compare the exhibits to the documents provided to her by her client. The Court accordingly gave Plaintiff's counsel ten days to make such comparison and to advise the Court whether Plaintiff challenged the authenticity of the exhibits.

On June 16, 2008, the Court received a letter from Plaintiff's counsel, advising that "all of the documents submitted by the defendant in support of its motion to dismiss ... are the same as the documents provided to me by my client." Letter to Martin, M.J., from Andrews of 6/11/08. The letter expresses no challenge to the authenticity of the documents, and the Court finds that Plaintiff does not dispute the authenticity of the exhibits which Defendant has cited in support of the Motion to Dismiss.

With regard to Exhibit G, the Court finds that the Exhibit is not complete because it makes reference to other documents being enclosed with the Exhibit and such documents are absent. Fairness requires that the Court consider Plaintiff's entire response to Question 9 of the EEO Complaint.

**Accordingly, Defendant is directed to file by July 2, 2008, an amended Exhibit G which includes the enclosures which Plaintiff states on the last page of Exhibit G she was enclosing with her answer. Within fourteen days of the filing of the**

---

Exhibit G which is authorized by this order. See infra at 2-3.

**amended Exhibit G, Plaintiff shall file any objection(s) to its authenticity.** If Plaintiff contends that the amended Exhibit G is not complete, Plaintiff shall identify in what respect(s) it is incomplete and shall provide whatever Plaintiff contends constitutes her complete response to Question 9 of the EEO Complaint.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
June 18, 2008