UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROSEZOLA SELLERS,

Plaintiff,

v. : C. A. No. 07-418S

ROBERT M. GATES, SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE,

Defendant.

<u>PLAINTIFF'S OBJECTION TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER DATED JUNE 18, 2008</u>

Plaintiff, Rosezola Sellers (hereinafter "Sellers") objects as follows. The file from which this document purportedly comes is two-hundred thirty-eight pages. In an obvious attempt to serve its purposes, defendant urges this Court to <u>only</u> consider the pages it has selected. Even assuming this Court can consider such documents on a motion to dismiss – which Sellers disputes -- it is unfair and wrong to do so. This is especially true given the fact that what is controlling here is, not the formal charge filed by Sellers, but rather the "investigation that reasonably can be expected to grow out of it." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).[1] Given this, the <u>entire</u> file – which includes numerous Affidavits among other things – must be considered but <u>not</u> in the context of a motion to dismiss.

[1] In the companion case, *Sellers v. Gates,* C.A. No. 05-381S (hereinafter "Sellers I"), defendant filed a motion for summary judgment. In Sellers' opposition, she fully addresses this "scope of the charge" doctrine and incorporates her arguments herein.

Even assuming this Court is inclined to just consider the pages submitted by defendant, the attachments to Exhibit G are still problematic.[2] For example, the handwriting at the bottom of Memo 11 clearly reflects that Sellers stopped in mid-sentence and continued writing on the back of Memo 11. Yet, the back of Memo 11 is missing and, and despite this Court's order, has not been provided.[3]

The final objection relates to the fact that Sellers, in all events, did not have to exhaust her administrative remedies as to her retaliation claims. In the instant Complaint, Sellers alleges that she filed charges <u>before</u> those which are the subject of this lawsuit. *See also Sellers I.* The First Circuit has made clear that hostile work environment claims can be a form of retaliation. *Noviello v. City of Boston,* 398 F.3d 76 (1st Cir. 2005). Moreover, under *Clockedile v. N.H., Dept. of Corr.*, 245 F.3d 1, 6 (1st Cir. 2001), the Court makes clear that retaliation claims which, like here, grow out of earlier charges, do not have to be administratively exhausted. Therefore, in the instant action, Sellers' retaliatory hostile work environment claim survives.

For these reasons and those advanced at oral argument, this Court should allow discovery to proceed. Accordingly, the motion to dismiss should be denied.

Plaintiff,
By her attorneys,

/s/ Patricia E. Andrews
/s/ Louise A. Herman

Patricia E. Andrews, #4321

---

[2] The attachments include a memorandum dated October 24, 1997 which has the number 9 handwritten at the bottom (hereinafter "Memo 9"), a memo dated October 24, 2005 which has the number 10 handwritten at the bottom (hereinafter "Memo 10"), an undated two-page memorandum with the subject "Semi-Annual Training – Standard of Conduct" which has the numbers 11 and 12 on the bottom (hereinafter "Memo 11") and an undated one-page memorandum with the subject "Defense Commissary Agency Northeast Region's Policy Statement on Violence in the Workplace" (hereinafter "Memo 13").

[3] Counsel for plaintiff represents that the file given to Sellers by the EEO office suffers from the same infirmity.

Louise A. Herman, #6430
129 Dyer Street
Providence, Rhode Island 02903

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July, 2008, I caused to be electronically filed the within Plaintiff's Objection to Defendant's Response to the Court's Order Dated June 18, 2008 with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF system. The following participant, as identified on the Notice of Electronic filing, has received notice electronically:

Ly T. Nguyen, Esquire
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903